UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARION ELLINGSEN,

    Plaintiff,

v.                                              Case No: 8:14-cv-3164-T-35JSS

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR**
**ORDER CONFIRMING TIMELY DISCLOSURE OF DEFENSE EXPERTS**

THIS MATTER is before the Court on Defendant's Motion for Order Confirming Timely Disclosure of Defense Experts (Dkt. 47) ("Motion"). A hearing was held on this matter on April 5, 2016.

**BACKGROUND**

In this action, Plaintiff seeks damages resulting from Defendant's refusal to pay benefits under her homeowner's insurance policy for damage allegedly caused by a sinkhole. On November 16, 2015, in accordance with the expert report disclosure deadlines in the Court's Case Management and Scheduling Order (Dkt. 11), Defendant served its Disclosure of Expert Testimony ("Disclosure") along with copies of the expert reports that it intends to rely upon at trial and information regarding each trial expert. The second page of the three-page Disclosure was omitted when it was served on Plaintiff. The second page included the names of three of Defendant's four experts: Chris Stolze, Connie A. Johnson-Gearhart, and Brian Terjung. Although the names were omitted from the Disclosure, Defendant did timely serve copies of the

expert reports signed by Chris Stolze, Connie A. Johnson-Gearhart, and Brian Terjung, along with their curriculum vitae and lists of cases in which they have testified.

On February 5, 2016, Defendant discovered the omission and provided Plaintiff with the missing second page of the Disclosure. Defendant also offered to permit Plaintiff to depose the experts listed on the second page. Plaintiff had already deposed one of those experts, Chris Stolze, but claimed that the other two experts, Connie A. Johnson-Gearhart and Brian Terjung, were not timely disclosed. Subsequently, Defendant filed the instant Motion seeking to confirm that it had timely disclosed Connie A. Johnson-Gearhart and Brian Terjung as experts.

**APPLICABLE STANDARDS**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This sanction is "self-executing" in that it may be imposed without the filing of a motion under Rule 37(a). Fed. R. Civ. P. 37(c)(1), Advisory Committee Notes to 1993 Amendment. However, "[t]he evidentiary exclusion sanction is not necessarily 'automatic,' even in the absence of substantial justification and harmlessness, because Rule 37(c)(1) provides that a

court may impose other appropriate sanctions '[i]n addition to or instead of this sanction.'" *Collins v. United States*, No. 3:08-CV-923-J-32JRK, 2010 WL 4643279, at *5, n.7 (M.D. Fla. Nov. 9, 2010) (quoting Fed. R. Civ. P. 37(c)(1)) (citing *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004)). "Without a finding of bad faith or gamesmanship on the eve of trial, many courts are loathe to invoke the strong medicine of precluding expert testimony." *Id.* at *5 (internal quotations omitted).

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012).

**ANALYSIS**

Upon consideration of the parties' briefs and arguments at the hearing, the Court finds that Defendant's failure was substantially justified or harmless and, therefore, Connie A. Johnson-Gearhart and Brian Terjung should be deemed timely disclosed as Defendant's experts.

Plaintiff concedes that she timely received the expert report signed by Connie A. Johnson-Gearhart. Plaintiff deposed Chris A. Stolze, and George C. Sinn, Jr., who work with Connie A.

Johnson-Gearhart at Central Florida Testing Laboratories ("CFTL") and who signed the same report as her. Further, Plaintiff's own experts reviewed the CFTL report and prepared their own evaluations of the CFTL report. (Dkt. 40-3, 40-5.) Plaintiff also discussed the CFTL report in her response to Defendant's Motion for Summary Judgment, filed January 15, 2016, and attached the report as an exhibit. (Dkt. 40-2.)

Plaintiff likewise concedes that she timely received the expert report signed by Brian Terjung and that Brian Terjung's testimony is relevant to Plaintiff's claims. Plaintiff's expert also reviewed Brian Terjung's report (Dkt. 40-5), and Plaintiff referred to the report in her response to Defendant's Motion for Summary Judgment and attached the report as an exhibit (Dkt. 40-8).

In light of the foregoing, Plaintiff was not unfairly prejudiced or surprised by Defendant's omission from the Disclosure. Connie A. Johnson-Gearhart's and Brian Terjung's expert opinions appear relevant and important to Defendant's defense. Defendant's omission was inadvertent, and Defendant timely supplemented its Disclosure after noticing the omission. As such, Defendant's failure to disclose in November 2015 was substantially justified or harmless. *See Mobile Shelter*, 845 F. Supp. 2d at 1250-51.

Because Plaintiff did not previously depose Connie A. Johnson-Gearhart and Brian Terjung before the close of discovery, the Court will re-open discovery for the limited purpose of allowing Plaintiff to take the depositions of Connie A. Johnson-Gearhart and Brian Terjung. At the hearing, Plaintiff agreed to the timely disclosure of Brian Terjung, under the condition that Plaintiff could take his deposition. The depositions must be conducted no later than May 31, 2016.

Accordingly, upon consideration, it is

**ORDERED:**

1. Defendant's Motion for Order Confirming Timely Disclosure of Defense Experts (Dkt. 47) is **GRANTED**.

2. No later than May 31, 2016, Plaintiff may conduct the depositions of Connie A. Johnson-Gearhart and Brian Terjung.

**DONE** and **ORDERED** in Tampa, Florida on April 6, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record